[Cite as *Brickner v. Wittwer*, 2011-Ohio-39.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

STEVEN M. BRICKNER,

    PLAINTIFF-APPELLANT,               CASE NO. 6-10-12

    v.

BENJAMIN M. WITTWER, ET AL.,        O P I N I O N

    DEFENDANTS-APPELLEES.

Appeal from Hardin County Municipal Court

Trial Court No. CVF 0900633

**Judgment Affirmed**

Date of Decision:  January 10, 2011

APPEARANCES:

    *John T. Barga and Susan M. Jones* for Appellant

    *John A. Kissh, Jr. and Sharri Rammelsberg* for Appellees

**ROGERS, P.J.**

{¶1} Plaintiff-appellant, Steven M. Brickner, appeals the judgment of the Hardin County Municipal Court awarding him monetary compensation for damages sustained to one of his rental properties and unpaid rent. On appeal, Brickner argues that the trial court erred when it overruled his motion for summary judgment, and that the trial court erred when its judgment entry did not include the specific oral pronouncements made by the court during the bench trial. Based on the following, we affirm the judgment of the trial court.

{¶2} Defendants-appellees, Benjamin M. Wittwer, Brandon B. Rainier, and Jeffrey M. Busching, entered into a one-year lease to rent Brickner's property located at 320 Liberty Street in Ada, Ohio. During the first week in March 2009, while the lease was in effect, Wittwer, Rainier, and Busching travelled out town for Spring Break, leaving the rental property unoccupied. Prior to leaving town, they turned off the thermostat which caused the water in the pipes to freeze and burst. As a result, the broken pipes leaked a significant amount of water into Brickner's rental property.

{¶3} Upon returning to the premises on March 8, 2009, the appellees discovered standing water throughout the house and called Brickner to report the damage. Brickner arrived at the property and observed running water flowing out of several walls which had completely soaked the carpeted areas. Brickner offered

to house the appellees in another residence while he repaired the water damage. The appellees declined Brickner's offer and chose to live with a friend.

{¶4} During the remainder of March and April 2009, Brickner worked to repair the damage caused by the broken pipes. Brickner notified the appellees that the repairs on the rental residence would be completed by the first week of May 2009, and that the appellees could move back onto the premises at that time. In mid-April 2009, the appellees notified Brickner in writing that they would not return to the rental residence, claiming that they had been constructively evicted. The appellees returned their keys to Brickner the same day.

{¶5} In October 2009, Brickner filed a complaint for monetary damages against Wittwer, Rainier, and Busching. Brickner alleged that the appellees were responsible for $5,194.07 in damages to the rental premises, and $840.44 for unpaid utilities. Brickner also claimed that each of the appellees owed him $1,125.00 for unpaid rent in addition to accrued late fees and penalties for the remainder of the lease, which comprised of the months of March, April, May, June and July of 2009. Appellees Wittwer and Rainier jointly filed an answer to the complaint and also asserted a counterclaim. Wittwer and Rainier's counterclaim alleged that Brickner "unlawfully" evicted them from the premises and claimed they were owed damages due to their displacement. Appellee Busching filed his answer separate from Wittwer's and Rainier's asserting the affirmative defense of

contributory negligence and a counterclaim for the refund of rent and his security deposit.

{¶6} Brickner subsequently served each appellee with a request for admissions pursuant to Civ.R. 36. Appellee Busching responded to the request, however, Appellees Wittwer and Rainier failed to answer or object to the requests. Consequently, Brickner filed a Notice of Admitted Facts as to Appellees Wittwer and Rainier with the trial court.

{¶7} In April 2010, Brickner filed a motion for summary judgment against Appellees, Wittwer and Rainier, which the trial court ultimately overruled. The case proceeded to bench trial in June 2010. On July 22, 2010, the trial court entered its judgment in favor of Brickner. The trial court found that the water damage to the premises was due to the appellees' action of turning down the thermostat during the winter, which caused the pipes to freeze and burst. However, the trial court also found that the appellees gave proper notice of termination as stated in the parties' lease, and therefore were only responsible for March and April 2009 rent. The trial court awarded Brickner monetary damages in the amount of $2,416.51 plus court costs and interest.

{¶8} It is from this judgment that Brickner now appeals, asserting the following assignments of error for our review.

*Assignment of Error No. I*

**THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED PLAINTIFF-APPELLANT'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT-APPELLEES *[SIC]* BENJAMIN M. WITTWER AND BRANDON B. RAINIER FILED ON APRIL 13, 2010.**

*Assignment of Error No. II*

**THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN ITS WRITTEN ENTRY, DATED JULY 22, 2010, FILED SEVEN (7) WEEKS AFTER THE CONCLUSION OF THE TRIAL, DID NOT REDUCE TO WRITING THE TRIAL COURT'S DECISION AS ANNOUNCED IN OPEN COURT ON JUNE 1, 2010 AT THE CONCLUSION OF THE BENCH TRIAL.**

*First Assignment of Error*

{¶9} In his first assignment of error, Brickner argues that the trial court erred when it denied his motion for summary judgment against Appellees Wittwer and Rainier. Specifically, Brickner maintains that because Wittwer and Rainier failed to respond to his requests for admissions, there was no genuine issue of material fact as to the validity of his claim for monetary damages against them.

{¶10} An appellate court reviews a summary judgment order de novo. *Hillyer v. State Farm Mut. Auto. Ins. Co.* (1999), 131 Ohio App.3d 172, 175. Accordingly, a reviewing court will not reverse an otherwise correct judgment merely because the lower court utilized different or erroneous reasons as the basis

for its determination. *Diamond Wine & Spirits, Inc. v. Dayton Heidelberg Distr. Co.*, 148 Ohio App.3d 596, 2002-Ohio-3932, ¶25, citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Ed.*, 69 Ohio St.3d 217, 222, 1994-Ohio-92. Summary judgment is appropriate when, looking at the evidence as a whole: (1) there is no genuine issue as to any material fact; (2) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made; and, therefore, (3) the moving party is entitled to judgment as a matter of law. Civ.R. 56(C); *Horton v. Harwick Chemical Corp.*, 73 Ohio St.3d 679, 686-687, 1995-Ohio-286. If any doubts exist, the issue must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-59, 1992-Ohio-95.

{¶11} The party moving for summary judgment has the initial burden of producing some evidence which demonstrates the lack of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 1996-Ohio-107. In doing so, the moving party is not required to produce any affirmative evidence, but must identify those portions of the record which affirmatively support his argument. *Id.* at 292. The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; he may not rest on the mere allegations or denials of his pleadings. *Id.*; Civ.R. 56(E).

{¶12} In the present case, the trial court denied Brickner's motion for summary judgment against Appellees Wittwer and Rainier in its May 4, 2010 Judgment Entry. In June 2010, the case proceeded to a bench trial. Despite Brickner's contention that he was entitled to judgment as a matter of law, it is evident from the record that the issue of damages remained a genuine issue of material fact before the trial court. In making its damages determination, the trial court reviewed the rental lease to construe the parties' rights and responsibilities under the agreement. The trial court also reviewed several documents evidencing the damages allegedly suffered by both parties as a result of the broken water pipes, including documentation that Brickner's insurance had already compensated him for a significant amount of the water damage repair. The trial court ultimately awarded Brickner a lump sum which included the damage caused by the broken pipes, specifically the sum not reimbursed by his insurance, and other incidental damages caused by the appellees while living in the rental residence. The trial court also determined that the appellees properly terminated their tenancy in mid-April 2009 in accordance with the lease, which provided for a month-to-month tenancy. Consequently, the trial court found that the appellees were only responsible for the unpaid rent for the months of March and April 2009, and not for the remaining five months of the lease as Brickner's complaint alleged.

**{¶13}** Moreover, in *Continental Ins. Co. v. Whittington* (1994), 71 Ohio St.3d 150, the Supreme Court of Ohio held that when a motion for summary judgment is denied because the trial court found that there were material issues of fact, an ensuing trial will moot (or render harmless) any error in that decision. *Continental Ins. Co. v. Whittington* (1994), 71 Ohio St.3d 150, 156. As the Court noted in *Continental*, Civ.R. 61 provides that no error in any ruling is ground for disturbing a judgment unless the refusal to do so appears to the court to be inconsistent with substantial justice. *Id*. at 155-156 (finding that substantial justice was done where the full and complete development of the facts at trial [as opposed to the limited factual evidence elicited in discovery] showed a genuine issue for the trier of fact). See, also, *Bobb Forest Prods., Inc. v. Morbank Indus., Inc.,* 151 Ohio App.3d 63, 2002-Ohio-5270, ¶ 41 (stating that even if certain issues were purely legal, if other genuine issues of material fact were presented at trial, which would leave the verdict unaffected, then any error is harmless).

**{¶14}** Our review of the record reveals that substantial justice was done at the trial court level following the trial on the merits. The evidence adduced at trial revealed the existence of genuine issues of material fact concerning the issues raised in Brickner's motion for summary judgment with regard to the appropriate amount of damages owed to him by Appellees Wittwer and Rainier. As such, the trial mooted any error in the trial court's prior decision to deny summary

judgment. Accordingly, we conclude that the trial court's denial of Brickner's motion for summary judgment did not constitute reversible error.

{¶15} Brickner's first assignment of error is, therefore, overruled.

*Second Assignment of Error*

{¶16} In his second assignment of error, Brickner argues that the trial court erred when it entered judgment via its July 2010 judgment entry because the entry differs significantly from the trial court's decision announced in open court at the conclusion the June 2010 bench trial. Brickner maintains that the July 2010 judgment entry should have included the oral pronouncements made by the trial court at the bench trial.

{¶17} It is well established that a trial court speaks only through its journal entries and not by oral pronouncement. *State v. King* (1994), 70 Ohio St.3d 158, 162; *Glick v. Glick* (1999), 133 Ohio App.3d 821, 831; *In re Adoption of Klonowski* (1993), 87 Ohio App.3d 352, 357. Accordingly, a judge's written or oral pronouncement is not recognized as an action of a court unless it is entered upon the journal. *Boyle v. Pub. Adjustment & Constr. Co.* (1950), 87 Ohio App. 264, 268. On appeal, Brickner cites no authority to support his contention that the trial court's judgment entry must conform to the oral pronouncements made by the trial court.

**{¶18}** Based on the foregoing authority, the trial court did not enter judgment until the journalizing of its July 2010 judgment entry. Therefore, the parties are bound by the decision rendered in that judgment entry and not the oral pronouncements made during the bench trial.

**{¶19}** Brickner's second assignment of error is, therefore, overruled.

**{¶20}** Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**PRESTON, J., and WILLAMOWSKI, J., concur.**

**/jlr**