[Cite as *Maumee Watershed Conservancy Dist. Bd. of Dirs. v. Army*, 2017-Ohio-9082.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## VAN WERT COUNTY

BOARD OF DIRECTORS, MAUMEE
WATERSHED CONSERVANCY
DISTRICT,

        CASE NO.  15-17-09

    PLAINTIFF-APPELLEE,

    v.

KEDAR ARMY, ET AL.,              **O P I N I O N**

    DEFENDANTS-APPELLANTS.

Appeal from Van Wert County Common Pleas Court
Trial Court No. CV16-10-154

**Judgment Affirmed**

Date of Decision:   December 18, 2017

APPEARANCES:

    *Timothy S. Holtsberry* **for Appellants**

    *Scott R. Gordon* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-Appellants Kedar Army, Mary Lou Army, Kedar Army as Trustee of the Kedar D. Army Revocable Living Trust and Mary Lou Army, as Trustee of the Mary Lou Army Revocable Living Trust (collectively referred to as "Appellants"), appeal the decision of the Court of Common Pleas of Van Wert County, Ohio granting summary judgment in favor of the Plaintiff-Appellee, the Board of Directors of the Maumee Watershed Conservancy District.

{¶2} On appeal, Appellants assert that: 1) the trial court erred in granting summary judgment pursuant to Civil Rule 56 when genuine issues of material fact existed; 2) the trial court erred in granting summary judgment because Appellants were not allowed to conduct discovery since their continuance request was denied; 3) the trial court erred in granting summary judgment when no metes and bounds description existed for certain parts of Appellee's easement; 4) the trial court erred in granting summary judgment when it expanded the terms of Appellee's easement; 5) the trial court erred in granting summary judgment because the Appellee had not maintained its easement causing a nuisance and therefore abandoned the easement; and 6) the trial court abused its discretion in not allowing the Appellants to file a counterclaim. For the reasons that follow, we affirm the ruling of the trial court.

*Facts*

**{¶3}** In 1994, the Maumee Watershed Conservancy District (the "District") obtained a land right easement from Searle and Elsie Taylor, as part of its Little Auglaize River Watershed Project, PL-566. (Doc. No. 42 at 866-67). At that time, Searle and Elsie Taylor were the landowners of the real property located at 11580 Fife Road, in Van Wert, Ohio. (*Id.*). The easement was recorded with the Van Wert County Recorder's Office on June 27, 1994 and the landowners' real estate property taxes were extinguished by the Van Wert County Auditor's Office. (*Id.*).

**{¶4}** Sometime in early 2012, the District became aware that Appellants had purchased the real property located at 11580 Fife Road in Van Wert, Ohio from the Taylors[1] and were planning to develop the property subject to the easement. (*Id.*). As a result, Clark Lynn Army, ("Clark") General Manager of the District, met with Appellants to explain the restrictions that the recorded easement placed upon their property.[2] (*Id.*).

**{¶5}** Later in 2012, a dispute arose between the District and Appellants concerning a second and unrecorded easement, pertaining to the real property. (*Id.*). The District acknowledged the existence of the second unrecorded easement, but

---

[1] Appellants purchased less than the original 40 acres referenced by the easement, as part of the property was subdivided prior to their purchase.
[2] Of note, Clark Lynn Army is the nephew of Kedar and Mary Lou Army.

reaffirmed that the recorded easement placed limitations on Appellants' use of their real property. (*Id.* at 868).

**{¶6}** Between 2013 and 2015, Clark met with Kedar and Kedar's tenant farmer to discuss issues regarding the use of the property in relation to the easement. (*Id.*). At that meeting, Clark told Kedar that he was permitted to create an access driveway on his property and could run a tile from the woods (on the property) to a creek for drainage purposes. (*Id.*).

**{¶7}** Nonetheless, in early August, 2016, the District learned from the Van Wert County Ditch Supervisor that the Appellants had cut down trees and had drained a pond on the real property. (*Id.*). As a result, the Board of Directors for the District directed its attorney to send a registered letter informing Appellants that these activities on the property were in contradiction to the easement. (*Id.*). Such letter was sent and Appellants never responded. (*Id.*).

**{¶8}** In early October, 2016, Clark inspected the real estate and observed someone removing a spoil pile and excavating dirt on the property, which was contrary to the terms of the recorded easement. (*Id.*). Clark confronted Appellants and learned that Kedar planned to go forward with his development of the real estate. (*Id.*).

**{¶9}** At the October 11, 2016 District Board meeting, the Board passed a resolution authorizing legal action against the Appellants. (*Id.*).

*Procedural History*

**{¶10}** On October 24, 2016 the District filed a complaint in the trial court against Kedar and Mary Lou Army.  In their complaint, the District alleged that Appellants had violated the terms of the recorded easement on the property.  (Doc. No. 1 at ¶ 23).  Specifically, the complaint alleged that Appellants had demolished a "spoil pile" and had drained the "oxbow pond of water," contrary to terms of the recorded easement.  (*Id.*).  As a result, the District was seeking a temporary restraining order, a preliminary injunction, a permanent injunction, money damages, and a fine against Appellants.  (*Id.* at ¶¶ 26-48).

**{¶11}** On December 21, 2016, Appellants filed their answer, denying the allegations contained in the District's complaint.  (Doc. No. 13 at ¶¶ 4-5).  Appellants' answer also asserted that the District failed to state a claim upon which relief could be granted and that the District was barred from equitable relief by virtue of the doctrine of unclean hands.  (*Id.* at 1-2).

**{¶12}** On January 5, 2017, the District requested permission to amend their complaint to add additional parties.  Specifically, the District requested that the Kedar D. Army Revocable Living Trust (with Kedar Army as Trustee) and the Mary Lou Army Revocable Living Trust (with Mary Lou Army as Trustee) be made parties to the lawsuit.  (Doc. No. 15 at 2).  Appellants agreed to the District's motion

to amend its complaint and on March 20, 2017, they filed an answer to the District's amended complaint. (Doc. Nos. 17; 25).

{¶13} On April 3, 2017, the District filed its motion for summary judgment. (Doc. No. 27). The District asserted that there was no genuine issue of material fact and that it was therefore entitled to judgment as a matter of law. (*Id.*). On April 19, 2017, Appellants filed their reply to the District's motion for summary judgment. (Doc. No. 31). Specifically, Appellants argued that there were genuine issues of fact regarding the parties' interpretation and application of the easement, whether either party violated the easement, and the extent of environmental ramifications and damages alleged by the District. (*Id.* at 1).

{¶14} In addition to responding to the Districts' summary judgment motion, Appellants also filed a counter complaint[3] for damages and a petition for declaratory judgment on April 19, 2017. The District then filed a motion to dismiss these pleadings, pursuant to Civ.R. 12. (Doc. Nos. 32; 33). Specifically, the District argued that the Appellants' counter complaint and declaratory judgment request were filed out of rule and without leave of court. (*Id.*). Thereafter, on May 2, 2017, Appellants filed a motion for leave to file an amended answer. (Doc. No. 35).

{¶15} On June 7, 2017, the trial court overruled Appellants' counterclaim and petition for declaratory judgment, as well as Appellants' motion for leave to file

---

[3] While Appellants filed a "counter complaint" for damages in the trial court, we will use the terms "counter complaint" and "counterclaim" interchangeably throughout this opinion.

an amended answer. (Doc. No. 41). In its ruling, the trial court found that Appellants' requests were out of rule. (*Id.*). On the same date the trial court also filed its decision granting the District's motion for summary judgment. (Doc. No. 42). In granting the motion for summary judgment, the trial court held:

> The District argues that summary judgment should be granted to it because the defendants [Appellants] presented no admissible Civ R [sic] 56 evidence to refute the expert witnesses presented in the District's motion. This Court agrees with that argument. The evidence presented is undisputed that the defendants violated the terms of easement even after they were warned not to do so.

(*Id.* at 875). As a result of granting the motion for summary judgment, the trial court awarded the District $8,599.10 in damages, a permanent injunction, expert witness fess, court costs, interest on the judgment from the date of filing, and fined Appellants $200.00. (*Id.* at 875-76). It is from this decision that Appellants appeal, presenting the following assignments of error for our review:

### ASSIGNMENT OF ERROR NO. I

**THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT PURSUANT TO CIVIL RULE 56 WHEN GENUINE ISSUES OF MATERIAL FACT EXISTED.**

### ASSIGNMENT OF ERROR NO. II

**THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT PURSUANT TO CIVIL RULE 56 WHEN APPELLANT WAS NOT ALLOWED TO CONDUCT DISCOVERY WHEN A CONTINUANCE WAS REQUESTED.**

## ASSIGNMENT OF ERROR NO. III

**THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT PURSUANT TO CIVIL RULE 56 WHEN NO METES AND BOUNDS DESCRIPTION EXISTED FOR CERTAIN ELEMENTS OF THE EASEMENT.**

## ASSIGNMENT OF ERROR NO. IV

**THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT PURSUANT TO CIVIL RULE 56 WHEN IT EXPANDED THE TERMS OF THE EASEMENT.**

## ASSIGNMENT OF ERROR NO. V

**THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT PURSUANT TO CIVIL RULE 56 WHEN THE APPELLEES HAD NOT MAINTAINED THEIR EASEMENT CAUSING A NUISANCE AND THEREFORE ABANDONED THE EASEMENT.**

## ASSIGNMENT OF ERROR NO. VI

**THE TRIAL COURT ABUSED ITS DISCRETION IN NOT ALLOWING THE APPELLANTS TO FILE A COUNTERCLAIM.**

{¶16} For ease of analysis, interrelated assignments of error will be discussed together.

### *First, Third, Fourth, and Fifth Assignments of Error*

{¶17} In their first, third, fourth, and fifth assignments of error, Appellants assert that the trial court erred in granting summary judgment pursuant to Civil Rule 56: 1) when genuine issues of material fact existed; 2) when no metes and bounds description existed for certain elements of the easement; 3) when it expanded the

terms of the easement; and 4) when the evidence demonstrated that the District had not maintained their easement. For the reasons that follow, we disagree.

*Standard of Review*

{¶18} An appellate court reviews a trial court's decision on a motion for summary judgment *de novo*. *Hancock Fed. Credit Union v. Coppus,* 2015-Ohio-5312, 54 N.E.3d 806, ¶ 15 (3rd Dist.). Summary judgment is appropriate when, looking at the evidence as a whole: (1) there is no genuine issue as to any material fact; (2) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made; and, therefore, (3) the moving party is entitled to judgment as a matter of law. Civ.R. 56(C); *Adkins v. Chief Supermarket,* 3rd Dist. Paulding No. 11-06-07, 2007-Ohio-772, ¶ 7. If any doubts exist, the issue must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-59, 1992-Ohio-95, 604 N.E.2d 138. The party moving for summary judgment has the initial burden of producing some evidence which demonstrates the lack of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-93, 1996-Ohio-107, 662 N.E.2d 264. In doing so, the moving party is not required to produce any affirmative evidence, but must identify those portions of the record which affirmatively support his argument. *Id*. "The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; he may not rest on the mere allegations or

denials of his pleadings". *Id.*; Civ.R. 56(E); *Brickner v. Wittwer*, 3rd Dist. Hardin No. 6-10-12, 2011-Ohio-39, ¶ 11.

*Analysis*

{¶19} Pursuant to Civ.R. 56(C), the party requesting summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a genuine issue of material fact. *Dresher* at 293. The moving party, however, cannot discharge its initial burden under this rule with a conclusory assertion that the non-moving party has no evidence to prove its case; the moving party must specifically point to evidence of a type listed in Civ.R. 56(C), affirmatively demonstrating that the non-moving party has no evidence to support the non-moving party's claims. *Id., see also Beachwood Pointe Care Ctr. v. Bealer,* 10th Dist. Franklin No. 09AP-1171, 2010-Ohio-5080, ¶ 9. Once a moving party discharges its initial burden, *summary judgment is appropriate if the non-moving party does not respond, by affidavit or as otherwise provided in Civ.R. 56,* with specific facts showing that a genuine issue exists for trial. (Emphasis added). *Id.*

{¶20} Civ.R. 56(C) delineates the types of evidence a party may use to support a summary judgment motion. Specifically, it provides in part:

> The motion shall be served in accordance with Civ.R. 5. Unless otherwise provided by local rule or by order of the court, the adverse party may serve responsive arguments and opposing affidavits within twenty-eight days after service of the motion, and the movant may

serve reply arguments within fourteen days after service of the adverse party's response. Summary judgment shall be rendered forthwith if the *pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact*, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *.

(Emphasis added). Civ.R. 56(C).

{¶21} In support of its motion for summary judgment, the District attached the following exhibits to its motion for summary judgment:

- Affidavit of Clark Lynn Army, General Manager of the Maumee Watershed Conservancy District (Doc. No. 27, Ex. 1).

- The 1994 recorded easement from Searle and Elsie Taylor to the District regarding the property located at 11580 Fife Road in Van Wert, Ohio (Doc. No. 27, Ex. A).

- The quit claim deed from Kedar and Mary Lou Army to the Kedar D. Army Revocable Living Trust and the Mary Lou Army Revocable Living Trust, executed on February 9, 2015 (Doc. No. 27, Ex. B).

- A letter from Kedar and Mary Lou Army to Clark Lynn Army regarding the District dated February 15, 2012 (Doc. No. 27, Ex. C).

- A letter from Clark Lynn Army to Kedar Army regarding the District dated February 23, 2012 (Doc. No. 27, Ex. D).

- A letter to Clark Lynn Army from Todd D. Wolfrum[4], attorney at law, regarding the District's recorded easement on the Armys' property dated March 15, 2012[5] (Doc. No. 27, Ex. E).

- A response letter from John W. Weaner, attorney at law, on behalf of the District to Todd Wolfrum, dated April 12, 2012 (Doc. No. 27, Ex. F).

- A letter from John W. Weaner to Todd D. Wolfrum regarding resolution of the conflict between the Armys and the District, dated May 14, 2012 (Doc. No. 27, Ex. G).

- Photographs of the Armys' real property (Doc. No. 27, Ex. H(a)-(d)).

- A letter from Jim Weaner, on behalf of the District, to Kedar Army regarding the tree clearing/excavation activity on the Army property, dated August 22, 2016 (Doc. No. 27, Ex. I).

---

[4] Todd Wolfrum was the attorney that performed the title search on the Armys' property prior to the Armys purchasing the land at an estate sale.

[5] It appears that the March 15, 2011 date on the letter was in error, as there is a handwritten notation next to the date. However, due to copy quality we are unable to discern what the notation actually says.

- Additional pictures of the Army property (Doc. No. 27, Ex. J(a)-(c)).

- The District's estimate of the cost to repair/reestablish the spoil pile and oxbow pond due to the damages sustained on the property as of October 10, 2016 (Doc. No. 27, Ex. K).

- The notarized report of Paul W. Chester, P.E., Agricultural Engineer (Doc. No. 27, Ex. 2).

- The land drawings showing fishery-oxbow pond #5 and spoil pile #3 (Doc. No. 27, Ex. 3A).

- The land drawings of the Union Township easement area. (Doc. No. 27, Ex. 3B).

{¶22} In granting the District's motion for summary judgment, the trial court granted the District the following: a permanent injunction, $8599.10 in damages plus costs. The trial court also fined Appellants $200. We will discuss each of these orders in turn in regards to summary judgment.

*Permanent Injunction*

{¶23} A party seeking a permanent injunction must show that the injunction is necessary to prevent irreparable harm and that the party does not have an equitable remedy at law. *Procter & Gamble Co. v. Stoneham,* 140 Ohio App.3d 260, 267,

747 N.E. 2d 268 (1st Dist.2000), *cause dismissed* 91 Ohio St.3d 1478, 744 N.E.2d 775 (2001).

**{¶24}** The affidavit of Clark Lynn Army and the exhibits incorporated into the affidavit by reference, demonstrate that no genuine issue of material fact is present in regards to the granting of the permanent injunction. In his affidavit, Clark Lynn Army testified that the Appellants caused irreparable harm to the District's Little Auglaize River Watershed Project, PL-566, when they cut trees, drained oxbow pond #5, and removed spoil pile #3 on their real estate, in violation of the recorded easement. (Doc. No. 27, Ex. Nos. 1, A). Additionally, the (notarized) expert report from Paul W. Chester, P.E.,[6] averred that it would take twenty years for the reestablishment of the vegetation to complete the full restoration of the area to the condition that existed prior to the Armys' actions. (*Id.,* Ex. Nos. 1, 2).

**{¶25}** Clark Lynn Army's affidavit further stated that there was no other remedy at law to prevent the harm caused on the property by Appellants. His affidavit also averred that the only way to protect the integrity of the Little Auglaize River Watershed Project PL-566 was to force the Appellants to cease their work clearing the portion of their property that was subject to the easement. (*Id.,* Ex. No. 1, ¶ 24).

---

[6] Paul W. Chester is an agricultural engineer who compiled a report for the District, and such report was incorporated into the affidavit of Clark Lynn Army by reference. (Doc. No. 27, Ex. Nos. 1, 2).

{¶26} In our *de novo* review, we find that competent and credible evidence exists in the record showing an absence of a genuine issue of material fact that a permanent injunction was the *only* remedy available to the District to prevent future harm to the District's land conservation efforts protected by the recorded easement. Thus, we find that the District successfully met their summary judgment burden by demonstrating the absence of a genuine issue of material fact on the essential elements of a permanent injunction as requested in its complaint.

*Damages*

{¶27} In its complaint, the District directed the trial court to R.C. 6101.82, entitled "Liability for Damages to District," for guidance on the issue of damages to conservancy districts. Specifically, R.C. 6101.82 provides:

> (A) All persons and corporations shall be liable for damage done to works of a conservancy district by themselves, their agents, their employees, or by their livestock.
>
> (B) No person shall damage any works, improvements or property of a conservancy district. Whoever violates this division of this section shall be liable for all damages and costs.
>
> The board of directors of the conservancy district may repair such damage at the expense of the person or corporation committing it.

R.C. 6101.82.

{¶28} In its complaint, the District established that it is a conservancy district created under R.C. 6101, a fact confirmed by Clark Lynn Army in his affidavit. (Doc. No. 3 at 3; 27, Ex. No. 1). Also in his affidavit, and the exhibits incorporated

therein by reference, Clark Lynn Army asserted that damage was done to the conservancy efforts of the District on Appellants real estate because Appellants: drained the oxbow pond, removed the spoil pile, and cleared trees on the portion of the property governed by the recorded easement. (*Id*). And, as to the monetary damages suffered by the District, Paul W. Chester, Appellee's expert, presented an estimate for the costs of restoring the property which detailed the following expenses:

| | |
|---|---|
| Admin. & Job Supervision | $800 |
| Site Survey | $400 |
| Mobilization | $200 |
| Restoration Pile Area and Pond | $3,200 |
| Materials to Install Berm Drain Pipe | $717 |
| Site Reseeding and Mulch | $2,000 |
| Site Tree Planting (Bare root seedlings) | $400 |
| Pond Fish Restocking | $100 |
| Contingencies | $782 |
| **TOTAL** | **$8,599** |

(*Id.,* Ex. No. 2 at 3).

{¶29} Pursuant to R.C. 6101.82, we find in our *de novo* review that the District established: that the Appellants damaged the property subject to the

recorded easement; that the Appellants were liable to the District for the damages caused to the property; and that the costs for restoration of the damaged area was $8,599.

**{¶30}** Accordingly, we find in our *de novo* review that the District successfully met its summary judgment burden by demonstrating the absence of a genuine issue of material fact on the essential elements of its claim for damages.

*Fine*

**{¶31}** In its complaint, the District also requested a fine against the Appellants in the amount of five hundred dollars ($500). (Doc. No. 3 at 9). In support of its request the District directed the trial court to R.C. 6101.99, entitled "penalty." (*Id.*). Specifically, R.C. 6101.99 provides, in part: * * * (D) Whoever violates division (B) of section 6101.82 of the Revised Code shall be fined not more than five hundred dollars. * * *." R.C. 6101.99(D). As established above, the District presented sufficient evidence that the Armys violated R.C. 6101.82(B) by damaging the conservation efforts of the District. (*See,* Doc. No. 3; Doc. No. 27, Ex. Nos. 1, 2). Because the amount of the fine was discretionary up to $500, the trial court was within its authority to impose a fine of $200.

**{¶32}** We find in our *de novo* review that competent and credible evidence exists in the record showing an absence of a genuine issue of material fact that a fine of up to $500 was authorized by statute against the Appellants. Accordingly,

we find that the District successfully met its summary judgment burden by demonstrating the absence of a genuine issue of material fact on all of the essential elements of their claim regarding the issuance of a statutorily authorized fine by the trial court.

*Civ.R. 56(E) Reciprocal Burden*

**{¶33}** Appellants, as the non-moving party to summary judgment, have the reciprocal burden of proof as set forth in Civ.R. 56(E) to "set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the non-moving party." *Dresher, supra,* at 293. To satisfy their burden, Appellants attached the following exhibits to their reply to the District's motion for summary judgment:

- The 1994 recorded easement from Searle and Elsie Taylor to the District regarding the property located at 11580 Fife Road in Van Wert, Ohio (Doc. No. 31, Ex. A).

- Photographs of the Armys' real estate (Doc. No. 31, Ex. B).

- Photographs of oxbow pond #5 (Doc. No. 31, Ex. C).

- A memo from the District explaining the easement and describing options for excavated material (Doc. No. 31, Ex. D).

- A copy of the notarized report of Paul W. Chester, P.E., Agricultural Engineer (Doc. No. 31, Ex. E).

- A letter from Kedar and Mary Lou Army to Clark Lynn Army regarding the District dated February 15, 2012 (Doc. No. 31, Ex. F).

- Additional photographs of the Armys' real estate.  (Doc. No. 31, Ex. G).

**{¶34}** While Appellants argue that genuine issues of material fact exist, our review of the exhibits offered in opposition to the District's summary judgment motion reveals that *none* of such exhibits comply with Civ.R. 56(C) and (E).[7]  We have outlined the types of permissible evidence under Civ.R. 56(C) above and find that the evidence presented by the Appellants' in their reply to the District's motion for summary judgment does not comply with the Civil Rules.  Thus, we cannot say that the Appellants presented *any evidence* to the trial court to demonstrate a genuine issue of material fact.  As "unsupported allegations in the pleadings do not suffice to necessitate the denial of summary judgment," Appellants failed to meet their reciprocal burden under Civ.R. 56(E) to defeat the summary judgment request.  *See generally, Savransky v. City of Cleveland,* 4 Ohio St.3d 118, 119, 447 N.E.2d 98 (1983).

---

[7] "Rule 56(E) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(C), *except the mere pleadings themselves*, and it is from this list that one would normally expect the nonmoving party to make the showing [required under Civ.R. 56(E)]." (*Emphasis added*).  *Dresher,* 75 Ohio St.3d 280, 289, 1996-Ohio-107, 662 N.E.2d 264.

**{¶35}** Accordingly, in our *de novo* review, we find that the District sustained their burden as to the absence of a genuine issue as to any material fact that must be litigated and that reasonable minds can come to but one conclusion and that conclusion is that the District is entitled to a permanent injunction, monetary damages, and an imposed fine. Moreover, Appellants failed to present *any* evidence in accordance with Civ.R. 56(C) to demonstrate that a genuine issue of material fact was present in this case. Thus, the trial court did not err in granting the District's motion for summary judgment. Accordingly, Appellants' first, third, fourth, and fifth assignments of error are overruled.

*Second Assignment of Error*

**{¶36}** In their second assignment of error, Appellants assert that the trial court erred in granting summary judgment because they were not allowed to conduct discovery due to a denial of their continuance request. For the reasons that follow, we disagree.

*Standard of Review*

**{¶37}** While Appellants approach this assignment of error as an error in granting summary judgment, the crux of their argument is the denial of their requested continuance. "The grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge." *State v. Unger,* 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981). "An appellate court must not reverse the

denial of a continuance unless there has been an abuse of discretion." *Id.* citing *Unger v. Sarafite,* 376 U.S. 575, 589, 84 S.Ct. 841 (1964). The term 'abuse of discretion' "implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by the evidence, or is grossly unsound." *Mackenbach v. Mackenbach,* 3rd Dist. Hardin No. 6-11-03, 2012-Ohio-311, ¶ 7. When reviewing a decision under an abuse of discretion standard, the appellate "court may not simply substitute its judgment for that of the trial court." *In re A.G.M.C.,* 3rd Dist. Marion No. 9-10-30, 2010-Ohio-5188, ¶ 41.

*Analysis*

{¶38} Appellants argue that the trial court improperly denied their counsel's request for a continuance. Specifically, Appellants assert that because their new trial counsel entered his appearance on March 17, 2017, two days after the trial court's discovery deadline, and because their prior counsel had not completed discovery, the trial court should have granted Appellants' continuance in order for them to conduct meaningful discovery. We disagree.

{¶39} In this case, Appellants' first attorney filed his entry of appearance on December 1, 2016, over a month after the initial complaint was filed. On January 11, 2017, the trial court issued its scheduling order ordering that discovery be

completed by March 15, 2017. On February 8, 2017, Appellants' second attorney filed a substitution of counsel notice with the trial court. However, on March 6, 2017, Appellants' second attorney filed a motion to withdraw as counsel advising the trial court that the Appellants decided not to retain her services and had not yet had their preferred attorney enter an appearance on behalf of Appellants. In the request to withdraw, Appellants' second counsel attached a February 28, 2017 email exchange between her and Appellants that advised them of the upcoming deadlines imposed by the trial court, including the March 15, 2017 discovery deadline. Thus, Appellants were well aware of the deadlines imposed by the trial court.

{¶40} Therefore, in reviewing the facts of this case, we cannot say that the trial court's decision to deny the request for a continuance was contrary to law, unreasonable, not supported by the evidence, or grossly unsound. Further, and contrary to the cases cited by Appellants, the record reveals that at no point during the case did the Appellants ever request discovery. However, it is of note that the trial court did verbally order the District to provide Appellants complete discovery, which was exchanged on April 3, 2017[8]. Therefore, even if it were in error to deny the continuance, such denial was harmless error, as the Appellants were provided with complete discovery after their request for the continuance to conduct discovery was denied.

---

[8] *See,* Plaintiff's notice of service of discovery, filed on April 3, 2017. (Doc. No. 28).

{¶41} In reviewing the record, we find that the trial court did not abuse its discretion in denying Appellants' request for a continuance. Accordingly, we overrule Appellant's second assignment of error.

### Sixth Assignment of Error

{¶42} In their sixth and final assignment of error, Appellants assert that the trial court abused its discretion by not allowing Appellants to file a counterclaim. We disagree.

### Standard of Review

{¶43} The term 'abuse of discretion' "implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by the evidence, or is grossly unsound." *Mackenbach v. Mackenbach,* 3rd Dist. Hardin No. 6-11-03, 2012-Ohio-311, ¶ 7. When reviewing a decision under an abuse of discretion standard, the appellate "court may not simply substitute its judgment for that of the trial court." *In re A.G.M.C.,* 3rd Dist. Marion No. 9-10-30, 2010-Ohio-5188, ¶ 41.

### Analysis

{¶44} A trial court has discretion in determining whether to grant a motion for leave to amend a pleading. *Hoover v. Sumlin,* 12 Ohio St.3d 1, 4, 465 N.E.2d

377 (1984), *holding modified by Jim's Steak House, Inc. v. City of Cleveland,* 81 Ohio St.3d 18, 1998-Ohio-440, 688 N.E.2d 506.

**{¶45}** Appellants direct this Court to *Amend v. Morgan,* stating that *Amend* is similar to the case sub judice. *Amend v. Morgan,* 5th Dist. Ashland No. 14-COA-041, 2015-Ohio-3185. However, Appellants reliance on *Amend* is misplaced. In *Amend,* the Appellant in that case argued that the trial court abused its discretion in granting Appellee's motion for leave to file a counterclaim. *Id.* at ¶ 18. The 5th District Court of Appeals found that a motion for leave to amend should be granted unless the court finds bad faith, undue delay or undue prejudice to the opposing party. *Id.* at ¶ 19. Appellants herein argue that since the trial court did not make a specific finding of bad faith, undue delay, or undue prejudice to the opposing party, it was an abuse of discretion for the trial court to deny their continuance request. However, the facts in the case before us are distinguishable from *Amend.* Here, contrary to the facts in *Amend,* Appellants *never filed a motion for leave to file a counter-complaint or amend their answer in the trial court prior to filing the counter-complaint.* Thus, we are not persuaded by Appellants' cited authority.

**{¶46}** However, even if it were error for the trial court to deny Appellants' counterclaim, Appellants invited such error by filing a claim without first filing a motion with the trial court for permission. Under the doctrine of invited error, a party is not entitled to take advantage of an error that he himself invited or induced

the court to make. *State ex rel. Kline v. Carroll,* 96 Ohio St.3d 404, 2002-Ohio-4849, 775 N.E.2d 517, ¶ 27. Appellants' sixth assignment of error is accordingly overruled.

{¶47} Having found no error prejudicial to the Appellants herein in the particulars assigned and argued, we overrule Appellants' first, second, third, fourth, fifth, and sixth assignments of error and affirm the judgment of the Van Wert County Common Pleas Court.

*Judgment Affirmed*

**PRESTON, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**