[Cite as *Martens v. Price*, 2023-Ohio-4359.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

GEORGE MARTENS,

    PLAINTIFF-APPELLANT,

    v.

MARY PRICE, ET AL.,

    DEFENDANTS-APPELLEES.

CASE NO. 5-23-04

O P I N I O N

---

Appeal from Hancock County Common Pleas Court
Trial Court No. 2022 CV 00110

**Judgment Affirmed**

**Date of Decision:  December 4, 2023**

---

**APPEARANCES:**

    *George Martens,* **Appellant**

    *Kayla L. Henderson* **for Appellees**

**WALDICK, J.**

{¶1} Plaintiff-appellant, George Martens ("Martens"), appeals the February 16, 2023 judgment of the Hancock County Court of Common Pleas in which the trial court dismissed Martens' complaint seeking declaratory judgment and to enjoin municipal income tax enforcement and collection efforts against him by the defendants-appellees on behalf of the City of Findlay.  On appeal, Martens argues that the trial court erred for multiple reasons in granting the Civ.R. 12(B)(6) motion to dismiss filed by the defendants-appellees.  For the reasons set forth below, we affirm.

*Procedural History*

{¶2} This case originated on March 29, 2022, when Martens filed a pro se complaint for declaratory judgment and injunctive relief in the trial court.  Named as defendants in that action were the appellees Mary Price, individually and as City of Findlay Tax Administrator; Christina Muryn, individually and as Mayor of Findlay; the City of Findlay; the City of Findlay Tax Department, and tax department employees Tonja Stillberger, Seth Boice, and Melanie Donaldson; the City of Findlay Income Tax Board, and board members Don Rasmussen, Jim Staschiak II, Jeff Wobser, and Susan Hite; and Findlay City Council members Randy Greeno, Jim Niemeyer, Brian Bauman, Jim Slough, Beth Warnecke, Dennis

Hellmann, Brad Wisener, John Harrington, and Jeff Wobser (collectively, "the Findlay parties" or "Findlay").[1]

**{¶3}** On June 20, 2022, the Findlay parties filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6).

**{¶4}** On August 2, 2022, with leave of court, Martens filed an amended complaint for declaratory judgment and injunctive relief.

**{¶5}** On August 23, 2022, the Findlay parties filed a motion to dismiss the amended complaint pursuant to Civ.R. 12(B)(6).

**{¶6}** On September 1, 2022, Martens filed a response in opposition to the motion to dismiss his amended complaint.

**{¶7}** On September 15, 2022, the Findlay parties filed a reply in support of their motion to dismiss.

**{¶8}** On November 29, 2022, a notice of supplemental authority relating to the motion to dismiss was filed by the Findlay parties. On December 1, 2022, Martens filed his own notice of supplemental authority. On December 12, 2022, Martens filed a second notice of supplemental authority.

**{¶9}** On December 14, 2022, the Findlay parties filed a supplemental motion to dismiss. On December 20, 2022, Martens filed a response in opposition to the

---

[1] Martens' complaint also listed the State of Ohio, by and through Ohio Attorney General David Yost, as a defendant. Martens' claims against the State of Ohio are not at issue in this appeal.

supplemental motion to dismiss. On December 29, 2022, the Findlay parties filed

a reply in support of their supplemental motion to dismiss.

{¶10} On February 16, 2023, the trial court filed a judgment entry granting

the Findlay parties' motion to dismiss, with prejudice.

{¶11} On March 20, 2023, Martens filed this appeal, in which he raises six

assignments of error.

### First Assignment of Error

**Lower Court wrongfully dismissed Martens [*sic*] "Complaint" with prejudice and argued the merits of the claim.**

### Second Assignment of Error

**Lower Court wrongfully dismissed case on its merits.**

### Third Assignment of Error

**The trial court erred by finding that there is no justiciable case in controversy between the parties.**

### Fourth Assignment of Error

**The trial court erred in ruling Section 3 of HB5 means C.O. 193 is a lawful ordinance and never citing how the prospective application of HB5 affects all municipal tax ordinances prior to 1/1/2016.**

### Fifth Assignment of Error

**Ohio Constitution and U.S. Constitutional Issues.**

**Sixth Assignment of Error**

**By estoppel the Defendants adopted HB5's provisions when they changed appeal tolling and the tenure and composition of the Tax Review Board.**

{¶12} To avoid unnecessary repetition in our analysis of Martens' claims on appeal, we opt to collectively address the six assignments of error, all of which ultimately relate to whether the trial court erred in dismissing Martens' amended complaint pursuant to Civ.R. 12(B)(6).

*Analysis*

{¶13} Civ.R. 12(B) provides, in relevant part:

Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (6) failure to state a claim upon which relief can be granted[.]

{¶14} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). For a trial court to dismiss a complaint on that basis, "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus. If there is a set of facts consistent with the plaintiff's complaint that would allow for recovery, the court must not grant the

motion to dismiss. *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145, 573 N.E.2d 1063 (1991). In considering a Civ.R. 12(B)(6) motion to dismiss, the trial court's factual review is limited to the four corners of the complaint. *State ex rel. New Riegel Local School Dist. Bd. of Educ. v. Ohio School Facilities Comm.*, 3d Dist. Seneca No. 13-16-22, 2017-Ohio-875, ¶ 10.

{¶15} Appellate courts generally conduct a de novo review of trial court decisions granting a Civ.R. 12(B)(6) motion to dismiss. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5. "On review, '[t]he allegations of the complaint must be taken as true, and those allegations and any reasonable inferences drawn from them must be construed in the nonmoving party's favor.'" *Faber v. Seneca Cty. Sheriff's Dept.*, 3d Dist. Seneca No. 13-17-29, 2018-Ohio-786, ¶ 7, quoting *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, ¶ 12.

{¶16} In the instant case, the complaint at issue set forth nine claims for relief, which can be summarized as follows:

> (1) In the first claim for relief, Martens sought a declaratory judgment that the application and enforcement of Findlay City Ordinance Chapters 193 and 194 to tax years prior to 2016 is a violation of the Home Rule Amendment of the Ohio Constitution and a violation of R.C. Chapter 718, as amended by H.B. 5.
>
> (2) In the second claim for relief, Martens sought a declaratory judgment that the application and enforcement of Findlay City Ordinance Chapters 193 and 194 to tax years prior to 2016 is a violation of R.C. Chapter 718, as amended by H.B. 5.

(3)    In the third claim for relief, Martens sought a declaratory judgment that Findlay's application and enforcement of Findlay City Ordinance Chapters 193 and 194 to tax years prior to 2016 amounts to a conversion, based on the theory that such enforcement is a violation of R.C. Chapter 718, as amended by H.B. 5.

(4)    In the fourth claim for relief, Martens sought a declaratory judgment that Findlay's application and enforcement of Findlay City Ordinance Chapters 193 and 194 to tax years prior to 2016 amounts to a taking without just compensation, based on the theory that such enforcement is a violation of R.C. Chapter 718, as amended by H.B. 5.

(5)    In the fifth claim for relief, Martens sought a preliminary and permanent injunction against defendant Mary Price, to prohibit Findlay's application and enforcement of Findlay City Ordinance Chapters 193 and 194 to tax years prior to 2016, based on the theory that such enforcement is a violation of R.C. Chapter 718, as amended by H.B. 5.  Martens asserted that the injunctive relief was appropriate as the application of those local ordinance chapters to pre-2016 tax years violates the Home Rule Amendment of the Ohio Constitution, amounts to a taking without just compensation, and is a conversion.

(6)    In the sixth claim for relief, Martens sought a preliminary and permanent injunction against defendant City of Findlay, to prohibit Findlay's enforcement and application of Findlay City Ordinance Chapters 193 and 194 to tax years prior to 2016, based on the theory that such enforcement is a violation of R.C. Chapter 718, as amended by H.B. 5.  Martens asserted that the injunctive relief was appropriate as the application of those local ordinance chapters to pre-2016 tax years violates the Home Rule Amendment of the Ohio Constitution, amounts to a taking without just compensation, and is a conversion.

(7)    In the seventh claim for relief, Martens sought a preliminary and permanent injunction against defendant Mayor Muryn, to prohibit Findlay's enforcement and application of Findlay City Ordinance Chapters 193 and 194 to tax years prior to 2016, based on the theory that such enforcement is a violation of R.C. Chapter 718, as amended by H.B. 5.  Martens asserted that the injunctive relief was appropriate as the application of those local ordinance chapters to pre-2016 tax

years violates the Home Rule Amendment of the Ohio Constitution, amounts to a taking without just compensation, and is a conversion.

(8) In the eighth claim for relief, Martens sought a preliminary and permanent injunction to prohibit Findlay's enforcement and application of Findlay City Ordinance Chapters 193 and 194 to tax years prior to 2016, based on the theory that such enforcement is an unconstitutional violation of R.C. Chapter 718, as amended by H.B. 5.

(9) In the ninth claim for relief, Martens claimed that Findlay illegally expended public money through unlawfully prosecuting him and attempting to collect taxes from him previously.

**{¶17}** Of central importance to the issues raised by Martens in his amended complaint is the impact of 2014 Sub.H.B. No. 5 ("H.B. 5") on Findlay's ability to enforce and collect municipal income tax due pursuant to Findlay's local ordinances.

**{¶18}** In *Athens v. McClain*, 163 Ohio St.3d 61, 2020-Ohio-5146, at ¶¶ 5-6, the Supreme Court of Ohio explained the relevant background of H.B. 5 as follows:

In 1957, the General Assembly first exercised its power to limit municipal income taxation by enacting R.C. Chapter 718. Am.Sub.S.B. No. 133, 127 Ohio Laws 91. As originally enacted, R.C. Chapter 718 mandated a uniform tax rate, required municipalities to get voter approval before they could impose a higher rate, and immunized certain income from municipal taxation. Former R.C. 718.01, 127 Ohio Laws at 91-92. Over the years, R.C. Chapter 718 has been expanded to make municipal taxation more uniform, with the goal of making it easier for taxpayers to comply.

In 2014, the General Assembly enacted 2014 Sub.H.B. No. 5 ("H.B. 5"), which established greater statewide uniformity of municipal income taxes by explicitly preempting municipalities from imposing an income tax unless they adopted, by ordinance or resolution, the

provisions of R.C. Chapter 718 and levied the tax in accordance with those provisions. R.C. 715.013 and 718.04(A).

**{¶19}** Regarding the specifics of Martens' claims, the trial court accurately set forth the following in its analysis of Martens' amended complaint:

Despite the confusing way in which the Plaintiff's complaint is drafted, a review reveals the following relevant factual allegations. The Plaintiff alleges that the Defendants, referred to generally by the Plaintiff as the City of Findlay, have attempted to collect, or may attempt to collect again in the future, City of Findlay income taxes from the Defendant for tax years 2013, 2014, and 2015. All of these tax obligations, if any, are for tax year obligations arising prior to January 1, 2016.

The Plaintiff maintains that the Defendants are attempting to collect these income taxes pursuant to Findlay City Ordinance Chapters 193 and 194. The Plaintiff correctly alleges that the Ohio Legislature, in 2014, amended O.R.C. Chapter 718 as it relates to the ability of the Defendants to collect income taxes. * * * [T]he amendment to O.R.C. Chapter 718 was passed in Sub. HB 5 and this bill became effective in early 2015. However, by its express terms, the changes to O.R.C. Chapter 718 only apply to tax obligations commencing January 1, 2016. * * *

The Plaintiff alleges that despite the changes to O.R.C. Chapter 718 the Defendants are still attempting to collect pre-2016 taxes using Findlay City Ordinance Chapter 193, without the new protections contained in O.R.C. Chapter 718, even when those attempts to collect the pre-2016 taxes are filed after January 1, 2016. Accordingly, the Plaintiff maintains that procedural safeguards that were provided for in HB5 are not being applied by the Defendants, resulting in violations of O.R.C. Chapter 718, the Ohio Constitution and the Constitution of the United States.

(Judgment Entry, Docket No. 82, at p. 7).

**{¶20}** The crux of Martens' legal arguments in support of all nine claims for relief is that the provisions of H.B. 5 must be applied to him, even for tax obligations

that were incurred before January 1, 2016. However, as the trial court found, Martens' argument as to the applicability of H.B. 5 to tax years prior to 2016 is simply without merit. Specifically, Section 3 of H.B. 5 provides, "[t]his act applies to municipal taxable years beginning on or after January 1, 2016. For municipal taxable years beginning before January 1, 2016, tax administrators may continue to administer, audit, and enforce the income tax of a municipal corporation under Chapter 718. and ordinances and resolutions of the municipal corporation as that chapter and those ordinances and resolutions existed before January 1, 2016." Thus, notwithstanding all of Martens' arguments to the contrary, the H.B. 5 legislation by its very terms applies only to tax obligations arising on or after January 1, 2016, regardless of when those obligations are enforced.

{¶21} In light of that background, we now turn to the issue of whether the trial court erred in dismissing Martens' action for declaratory judgment, as set forth in his first, second, third, and fourth claims for relief.

{¶22} It is well settled in Ohio that to obtain a declaratory judgment there must be (1) a real controversy between adverse parties; (2) which is justiciable in character; and (3) speedy relief must be necessary to preserve rights which otherwise may be impaired or lost. *Fairview Gen. Hosp. v. Fletcher,* 63 Ohio St.3d 146, 148-149, 586 N.E.2d 80 (1992).

**{¶23}** The legal concept of "justiciability" was explained by this Court in *Stolzenburg v. Ohio Dep't of Job & Fam. Servs*., 3d Dist. Auglaize No. 2-15-01, 2015-Ohio-2212, at ¶ 7:

> "For a cause to be justiciable there must 'exist a real controversy presenting issues which are ripe for judicial resolution and which will have a direct and immediate impact on the parties.'" *Langfan v. Carlton Gardens Co.,* 183 Ohio App.3d 260, 2009–Ohio–3318, ¶ 35 (3d Dist.), quoting *State ex rel. Keller v. Columbus,* 164 Ohio App.3d 648, 2005–Ohio–6500, ¶ 19. "Generally, a claim is not ripe if the claim rests upon 'future events that may not occur as anticipated, or may not occur at all.'" *Lehman Bros. Holdings v. United Petroleum Marketing, L.L.C.,* 5th Dist. Stark No.2012 CA 00060, 2013–Ohio–233, ¶ 44, quoting *Texas v. United States,* 523 U.S. 296, 300, 118 S.Ct. 1257 (1998). "[I]n all actions, there must be an 'actual controvers[y] between parties legitimately affected by specific facts,' such that the court can 'render [a] judgment[ ] which can be carried into effect.' " *McQueen v. Dohoney,* 1st Dist. Hamilton No. C–130196, 2013–Ohio–2424, ¶ 13, quoting *Fortner* at 14.

**{¶24}** In *Lima Ref. Co. v. Linde Gas N. Am., LLC*, 3d Dist. Allen No. 1-22-08, 2022-Ohio-2185, *appeal not accepted*, 168 Ohio St.3d 1419, 2022-Ohio-3752, this Court detailed the specific standards of review applicable to dismissals of declaratory-judgment matters:

> A court may dismiss a declaratory action pursuant to a Civ.R. 12(B)(6) motion to dismiss "where there is no real controversy or justiciable issue between the parties * * *." *Dart v. Katz*, 2d Dist. Montgomery No. 28913, 2021-Ohio-1429, ¶ 94, quoting *Fioresi v. State Farm Mut. Auto. Ins. Co.*, 26 Ohio App.3d 203, 203-204, 499 N.E.2d 5 (1st Dist. 1985). "When reviewing a judgment rendered on a Civ.R. 12(B)(6) motion to dismiss, our standard of review is ordinarily de novo." *One Energy Enterprises, LLC v. Ohio Department of Transportation*, 10th Dist. Franklin No. 17AP-829, 2019-Ohio-359, ¶ 28.

However, if a declaratory action is dismissed on the grounds that it is not justiciable, then appellate courts review the dismissal under an abuse of discretion standard. *Arnott v. Arnott*, 132 Ohio St.3d 401, 2012-Ohio-3208, 972 N.E.2d 586, ¶ 13. * * *

*Id.*, at ¶¶ 29-30.

{¶25} In the instant case, it is undisputed that there was no tax collection complaint filed by Findlay or any other such related action pending against Martens when he filed the declaratory judgment action, and Martens' amended complaint does not allege otherwise. As there is no actual controversy between the parties, and Martens' theory of entitlement to declaratory judgment relies solely on the speculative possibility of a future controversy, any ruling on Martens' declaratory judgment action would therefore be strictly advisory. For that reason, Martens' amended complaint did not allege a justiciable controversy and the trial court did not err in dismissing Martens' claims for declaratory judgment on that basis.

{¶26} Next we turn to the issue of whether the trial court erred in dismissing Martens' claims for injunctive relief, as set forth in his fifth, sixth, seventh, and eighth claims for relief.

{¶27} With regard to actions seeking injunctive relief, this Court set forth the applicable standards in *Nelson v. Ohio High Sch. Athletic Ass'n.*, 3d Dist. Allen No. 1-18-12, 2018-Ohio-4169, as follows:

"In determining whether a preliminary injunction is warranted, a trial court looks to four factors: (1) whether the evidence presents a substantial likelihood that the plaintiff will prevail on the merits; (2) whether denying the injunction will cause the plaintiff to suffer

irreparable injury; (3) whether granting the injunction will cause unjustifiable harm to third parties; and (4) whether the injunction serves the public interest." *Elec. Classroom of Tomorrow v. Ohio Dep't of Educ.,* 10th Dist. Franklin, 2017-Ohio-5607, 92 N.E.3d 1269, ¶ 33 citing *Cuyahoga Re-Entry Agency v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 11AP-740, 2012-Ohio-2034, 2012 WL 1622612, ¶ 31.

"A party seeking a permanent injunction must show that the injunction is necessary to prevent irreparable harm and that the party does not have an equitable remedy at law." *Bd. of Directors, Maumee Watershed Conservancy Dist. v. Army*, 3d Dist. Van Wert No. 15-17-09, 2017-Ohio-9082, 2017 WL 6450822, ¶ 23, citing *Procter & Gamble Co. v. Stoneham*, 140 Ohio App.3d, 260, 267, 747 N.E.2d 268 (2000). The decision to grant or deny an injunction lies within the discretion of the trial court and generally will not be reversed absent an abuse of discretion. *Youngstown City Sch. Dist. Bd. of Educ. v. State*, 10th Dist. Franklin, 2018-Ohio-2532, 104 N.E.3d 1060, ¶ 9. An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

*Nelson*, at ¶¶ 21-22.

**{¶28}** In the instant case, the facts alleged in Martens' amended complaint and the legal theories upon which he relies do not sufficiently set forth any claim upon which injunctive relief can be granted. As discussed above, the sole basis of Martens' claims for relief is his theory that the provisions of H.B. 5 are applicable to any attempt by Findlay to enforce municipal income tax obligations that Martens incurred before January 1, 2016. However, as also discussed above, Martens' argument as to the applicability of H.B. 5 to tax years prior to 2016 lacks merit.

**{¶29}** Lastly, we turn to Martens' ninth and final claim for relief, in which he alleges that the Findlay parties have illegally expended public funds in an attempt

to prosecute unlawful tax actions against him. While it is unclear from a reading of the amended complaint exactly what relief Martens seeks in his ninth claim for relief, we find – as the trial court did – that the ninth claim for relief also fails on its face, as the claim is entirely dependent on Martens' meritless argument that H.B. 5 prohibits Findlay from utilizing its former income tax ordinances for tax years prior to 2016.

{¶30} In summary, as a thorough review of Martens' amended complaint, and the factual allegations contained therein, reveals that there are no facts upon which he is entitled to recover as to any of his claims for relief, the trial court did not err in dismissing Martens' complaint pursuant to Civ.R. 12(B)(6). We therefore overrule Martens' six assignments of error.

{¶31} Having found no error prejudicial to Martens in the particulars assigned and argued, the judgment of the Hancock County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**WILLAMOWSKI and ZIMMERMAN J.J., concur.**

**/eks**